Andrew J. SPANO, as County Executive of the County of Westchester, County of Westchester, New Jersey Environmental Federation and New Jersey Chapter of the Sierra Club, Petitioners,

v.

UNITED STATES NUCLEAR REGULATORY COMMISSION and The United States of America, Respondents.

Nos. 07–0324–ag(L), 07–1276–ag.

United States Court of Appeals, Second Circuit.

Sept. 19, 2008.

Mathew T. Miklave (Kenneth B. Weckstein, Charlene M. Indelicato, John Houston Pope, Elizabeth B. Davis, Pamela A. Reynolds, on the brief), Epstein Becker & Green, P.C., Washington, DC, for Petitioners Andrew J. Spano, and the County of Westchester.

Richard Webster (Julia LeMense, Mark Smith, Clinical Legal Intern, on the brief), Rutgers Environmental Law Clinic, Newark, NJ, for Petitioners New Jersey Environmental Federation and the New Jersey Chapter of the Sierra Club.

Grace H. Kim, Senior Attorney, Office of the General Counsel (Karen D. Cyr, General Counsel, John F. Cordes, Jr., Solicitor, E. Leo Slaggie, Deputy Solicitor, on the brief), U.S. Nuclear Regulatory Commission, Washington, DC, for U.S. Nuclear Regulatory Commission; Ann Peterson, Attorney, Appellate Section (Ronald J. Tenpas, Assistant Attorney General, on the brief), Environmental and Natural Resources Division, United States Department of Justice, Washington, DC, for United States of America.

John J. Sipos, Assistant Attorney General (Andrew Cuomo, Attorney General of the State of New York, Richard Blumenthal, Attorney General of the State of Connecticut, Barbara D. Underwood, Solicitor General of the State of New York, Katherine Kennedy, Deputy Solicitor General, Morgan A. Costello, Assistant Attorney General, on the brief), for Amicus Curiae States of New York and Connecticut, supporting petitioners.

Michael P. O'Connor, Principal Assistant County Attorney (Patricia Zugbie, Rockland County Attorney, on the brief), for Amicus Curiae County of Rockland, supporting petitioners.

David R. Lewis, Pillsbury Winthrop Shaw Pittman LLP (Stefanie M. Nelson, Pillsbury Winthrop Shaw Pittman LLP, Ellen C. Ginsberg, Michael A. Bauser, Anne W. Cottingham, Nuclear Energy Institute, Inc., on the brief), Washington, DC, for Amicus Curiae Nuclear Energy Institute, supporting respondents.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges and EDWARD R. KORMAN, District Judge.*

### SUMMARY ORDER

Petitioners Andrew J. Spano, the County Executive of Westchester County, the County of Westchester, the New Jersey Environmental Federation, and the New Jersey Chapter of the Sierra Club (collectively, "petitioners") challenge a decision of the U.S. Nuclear Regulatory Commission (the "NRC") denying their petitions for agency rulemaking. In separate petitions, petitioners requested that the NRC revise its nuclear power plant licensing regulations so that the renewal of a license would be subject to the same standards imposed on initial applications for a license. The NRC consolidated the petitions and denied them in a decision dated December 2, 2006. *See Andrew J. Spano and Joseph C. Scarpelli; Denials of Petition for Rulemaking*, Nos. PRM–54–02, PRM–54–03, 71 Fed.Reg. 74848 (Nuclear Regulatory Comm'n Dec. 13, 2006). We assume the parties' familiarity with the underlying facts and the issues raised in the petitions for review.

Our review of a final NRC decision is "guided by the arbitrary and capricious standard found in section 10(e) of the Administrative Procedure Act." *County of Rockland v. U.S. Nuclear Regulatory Comm'n*, 709 F.2d 766, 776 (2d Cir.1983) (citing 5 U.S.C. § 706(2)(A)). This standard of review is "narrow" and "highly deferential," and "[t]he test here is primarily one of rationality." *Id.* (internal quota-

---

* The Honorable Edward R. Korman, U.S. District Judge for the Eastern District of New York, sitting by designation.

tion marks omitted). "If the Commission based its order on substantial relevant evidence, fairly ascertained, and if it has made no clear error of judgment, this court is not authorized to overturn that order." *Id.* (quoting *Cross–Sound Ferry Servs., Inc. v. United States,* 573 F.2d 725, 730 (2d Cir.1978)).

Petitioners challenge the NRC's decision on the grounds that (1) the NRC, in violation of its own regulations, did not provide petitioners with an opportunity to supplement their petitions; (2) the NRC did not hold a hearing or conduct fact-finding; (3) the NRC improperly relied on the existence of other administrative remedies; and (4) the NRC did not consider the "new information" and "new issues" raised in the petitions. None of these grounds is sufficient to warrant the granting of the petitions for review.

■ First, petitioners contend that, in light of the NRC's determination that petitioners had failed to provide "a factual or technical basis . . . [ ]sufficient to support a petition for rulemaking," 71 Fed.Reg. 74848, 74852, the NRC violated its own regulations by not affording petitioners an opportunity to supplement their petitions. Pursuant to 10 C.F.R. § 2.802(f), if a petition is considered "incomplete, the petitioner will be notified of that determination and the respects in which the petition is deficient and will be accorded an opportunity to submit additional data." If the petition is considered "complete," however, it is assigned a docket number, formally docketed, and made available on the NRC website pursuant to 10 C.F.R. § 2.802(e). The petitions in this case were considered complete and docketed as required by the applicable regulations. That the petitions contained information "insufficient to support a petition for rulemaking," 71 Fed. Reg. 74848, 74852, does not indicate that they were incomplete; rather, it reflects

the NRC's view that the content of the petitions was not persuasive and therefore failed on the merits. Accordingly, the NRC did not violate its own regulations when it did not offer petitioners an opportunity to supplement their petitions.

■ Second, petitioners challenge the decision of the NRC not to hold hearings or conduct additional fact-finding on their petitions. Pursuant to 10 C.F.R. § 2.803, "[n]o hearing will be held on [a] petition [for rulemaking] unless the Commission deems it advisable." As the U.S. Court of Appeals for the District of Columbia Circuit has observed, "a request to amend or rescind a regulation [is] a procedure which the [NRC]'s rules authorize but specifically relieve from need for an evidentiary hearing." *Nader v. Nuclear Regulatory Comm'n,* 513 F.2d 1045, 1051 (D.C.Cir. 1975) (internal footnotes omitted) (citing 10 C.F.R. §§ 2.802, 2.803). In light of the NRC's determination that the issues raised by petitioners had already been "considered at length in developing the license renewal rule," 71 Fed.Reg. 74848, 74850, there was nothing unreasonable in the NRC's decision to forgo an evidentiary hearing and fact-finding.

Third, petitioners contend that it was improper for the NRC to suggest that "[o]ther procedural mechanisms are available to the public to raise concerns related to the current operations or the renewal of a license for [a] nuclear power plant," 71 Fed.Reg. 74848, 74851, because, by doing so, "the NRC has essentially written out of [the regulations] the ability to petition for revisions related to relicensing," Spano Br. 42. This dire interpretation of the NRC's decision is flatly contradicted by the NRC's oft-repeated determination that the petitions' failure to "raise new issues . . . [or to] provide any tangible reason . . . [to revisit] the careful formulation of the scope of license renewal," 71 Fed.Reg. 74848,

74851,. constituted the principal basis for the agency's denial of the petitions. The availability of other administrative mechanisms constituted a basis for the denial of the petition only insofar as the petitioners' plant-specific concerns were insufficient to justify revising the agency's renewal policy for *all* nuclear power plants, notwithstanding the fact that those concerns might have been relevant in "proceeding[s] . . . to modify, suspend or revoke a license" of a *specific* power plant, or when made to "report a safety or security concern, or allegation to the NRC." *Id.* We cannot conclude that this determination was unreasonable.

■ Fourth, petitioners argue that the NRC failed to consider the new issues and information that they set forth in their petitions.

The petitions identified the following evidence in support of their request that the NRC revise its rules to make the standards for a license renewal identical to the standards for issuing a license in the first instance: (1) the mishaps at Three Mile Island, Chernobyl, and Browns Ferry; (2) utility bankruptcies; (3) delays in the construction of the nuclear waste repository at Yucca Mountain and the corresponding problem of storing nuclear waste on-site; (4) the reactor-head problems at the Davis–Besse reactor; (5) the terrorist attacks of September 11, 2001; (6) demographic changes bringing population centers closer to power plants; (7) the complexities of evacuating communities surrounding nuclear power plants; (8) the forty-year "design life" of nuclear power plants; (9) the necessity of complying with state regulations; (10) growing public opposition to the existence of nuclear power plants; and (11) studies raising concerns about the health consequences of the low-level radiation emitted by nuclear power plants.

This evidence and the concerns it underscored were "relevant to the safety and security of current plant operation," in the view of the NRC, and therefore more effectively addressed through the NRC's ongoing regulatory process and not at the time of license renewal. 71 Fed.Reg. 74848, 74851. The NRC explained:

> Given the Commission's responsibility to oversee the safety and security of operating reactors, issues that are relevant to both current plant operation and operation during the extended period must be addressed as they arise within the present license term rather than at the time of renewal. In some cases, safety or security might be endangered if resolution of a safety or security matter were postponed until the final renewal decision. Thus, duplicating the Commission's responsibilities in both oversight of current plant operations as well as license renewal would not only be unnecessary, but would waste Commission resources.

*Id.* Accordingly, the NRC concluded that none of the issues raised by petitioners constituted a basis to reconsider the agency's decision to address safety and security concerns through its on-going regulatory oversight and not at the time of license renewal. *Id.* at 17857. With our narrow, limited charge, we cannot conclude that the NRC's reasoning was arbitrary, capricious or irrational such that the NRC erred in concluding that the evidence submitted by petitioners was insufficient to warrant the proposed rulemaking.

Accordingly, the petition for review is **DENIED.**